CASEY *v.* BUTTERFIELD.

*(Circuit Court, D. Massachusetts. May 11, 1888.)*

1. PATENTS FOR INVENTIONS—INFRINGEMENT—CAR COUPLINGS.

The first claim of letters patent No. 326,401, of September 15, 1885, to Frederick A. Casey for a car coupling is: "A draw-head having the hook pivoted to the plates below the line of draw, and keyed to said plates above said pivot, whereby, as the key is removed from contact with the hook, the hook swings down out of contact with the hook of the adjoining car," etc. *Held* infringed by letters patent No. 327,066, of September 29, 1885, to Finley R. Butterfield; the device embodied therein having a draw-head with a hook pivoted below the line of draw, and hooked or latched to the plates above the pivot, and the latch or hook being the equivalent of the Casey key.

2. SAME—PRIOR INVENTION.

In support of the defense of prior invention by himself, defendant produced a model of a car coupling having the hook pivoted below the line of draw which he claimed to have made in the spring of 1881, prior to the patent in suit, viz., No. 326,401, of September 15, 1885, to Frederick A. Casey, for a car coupling. Three other witnesses, one of whom was defendant's wife, swore that they saw the model about that time, but the testimony of two of them as to the identity of the model was not entirely clear. It was shown in rebuttal by defendant's patent solicitor that defendant first came to him in June, 1885, for the purpose of procuring a patent for a car coupling, and that he then produced a crude wooden model, and that the pivot in that, which connected the hook to the draw-bar, was not below the line of draw. This patent does not seem to have been granted. The next application to the solicitor was made in July, and defendant then produced no model. *Held,* that the evidence showed no anticipation; the invention, supposing it to have been made, having been abandoned.

3. SAME—ANTICIPATION.

Nor is the Casey patent anticipated by the Snedaker and Thurber patents; those patents having a pivoted device where the link is pivoted below the line of draw, and such devices relating to linked couplings, which are substantially different in construction and mode of operation from the coupling hooks of the Casey device.

In Equity. Bill by the patentee for infringement of letters patent No. 326,401, of September 15, 1885, to Frederick A. Casey, against Finley R. Butterfield, the patentee in letters patent No. 326,066, of September 29, 1885.

*W. A. Macleod*, for complainant.

*C. C. Morgan*, for respondent.

COLT, J. The bill in this case alleges infringement of letters patent No. 326,401, granted to the complainant, September 15, 1885. The invention has for its essential feature the construction of a draw-head, the hook of which is pivoted to the shank or body of the head below the line of draw, so that, when desired, it may be dropped or swung down out of the line of draw, thus freeing it from the hook of the adjoining cars with which it is in contact. The first claim of the patent, which is the only one in controversy, is as follows:

"A draw-head having the hook pivoted to the plates below the line of draw, and keyed to said plates above said pivot, whereby, as the key is removed from contact with the hook, the hook swings down out of contact with the hook of the adjoining car, substantially as shown and described."

The defenses urged are: (1) Anticipation; (2) no infringement; (3) prior invention by the defendant.

As to the defense of anticipation I agree with the complainant's expert that none of the prior patents introduced in evidence show a coupling having a coupling hook pivoted to the draw-bar below the line of draw, so that the engaging shoulder of the hook moves forward and downward when the hook-piece turns on its pivot, and a movable fastening device or key that connects the hook-piece with the draw-bar above the pivot when the hook-piece is in position to be coupled with the other member of the coupling. The Snedaker and Thurber patents have a pivoted device where the link is pivoted below the line of draw, but these devices relate to linked couplings which, it seems to me, are substantially different in construction and mode of operation from the coupling hooks of complainant's device.

Upon the question of infringement I find that defendant's device has a draw-head having a hook pivoted below the line of draw, and hooked or latched to the plates above the pivot. What the defendant terms a latch or hook is plainly the equivalent of the Casey key. The defense of non-infringement is not made out.

A more serious question relates to the alleged prior invention by the defendant. The defendant exhibits a model of a car coupling having the hook pivoted below the line of draw, which he says he made in the spring of 1881, or prior to the date of complainant's invention. He

calls his wife and two other witnesses, who swear that they saw the model about this time. From the appearance of the model it is not certain whether it may not have been somewhat changed since it was first constructed. Ferrin, the first witness for defendant on this point, says he cannot remember the exact location of the pin relatively to the head in the model he saw, because at the time he did not examine the pin. Mrs. Wheeler, the second witness, says that as near as she can remember the model produced in evidence was the same model she saw in defendant's house. On the other hand, the plaintiff calls as a witness James B. Thurston, the defendant's solicitor, who testifies in substance that in June, 1885, the defendant employed him to procure a patent for a car coupling, and that he produced at the time a crude wooden model. In this model the pivot which connected the hook to the draw-bar was not below the line of draw. Application was made for this patent, but he does not think it was granted. Subsequently Thurston made another application for the defendant for a second patent,—No. 327,066, —which embodies the infringing device now made by defendant. At this time the defendant did not produce any wooden model such as he now exhibits. Upon this condition of the evidence I am satisfied that the defendant has not made a case of prior invention with that certainty which the law requires to invalidate a patent. But if we should assume the existence of this model as early as 1881, it seems to me that all the circumstances go to show that it was a case of an abandoned experiment. Upon the whole, I think the complainant is entitled to a decree. Decree for complainant.